IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY SYNAN<br>　　　　　　Plaintiff<br><br>vs.<br><br>CREDIT ACCEPTANCE CORPORATION<br>and UNITED TOWING SERVICE, LLC<br>　　　　　　Defendants | CIVIL ACTION<br><br><br><br>NO. 18-cv-1519(MJH) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DISMISSING COUNTS IV AND V OF PLAINTIFF'S AMENDED COMPLAINT**

In this Court's Order compelling arbitration (ECF 13), the Court took the extra step of dismissing claims that the parties agreed to be adjudicated in arbitration. Respectfully, this was error because doing so conflicts with the agreement of the parties, the plain language of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), and longstanding case law interpreting the FAA.

It is well established that courts "have no business weighing the merits" of a claim subject to a valid arbitration agreement. *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Instead, when faced with the situation of determining whether a claim is subject to an arbitration agreement, "the district court decides only whether there was an agreement to arbitrate, and if so, whether the agreement is valid." *Gay v. CreditInform*, 511 F.3d 369, 386 (3d Cir. 2007). "Once such an agreement is found, the merits of the controversy are left for disposition to the arbitrator." *Great W. Mortg. Corp. v. Peacock*, 110 F.3d 222, 228 (3d Cir. 1997).

Plaintiff proceeded with this binding case law in mind. Plaintiff candidly conceded that his claims were subject to arbitration, but rather than addressing the merits of claims that the parties agreed to submit to an arbitrator, Plaintiff specifically requested that the Court *stay* the action under section 3 of the FAA. (ECF 12 at p. 2). In support, Plaintiff cited *Lloyd v. HOVENSA, LLC.*,

where our Court of Appeals held that a district court lacks discretion to dismiss claims when a party requests a stay pending arbitration. 369 F.3d 263, 269 (3d Cir. 2004).

In *Lloyd*, the district court found a valid agreement to arbitrate, but instead of staying the case per the request of the movant, the district court dismissed the arbitrable claims with prejudice pending the arbitration decision. *Id.* at 267. On appeal, the Third Circuit found that the district court's dismissal violated the plain language of the FAA, which states that once the court determines that a claim in a lawsuit is subject to arbitration, the court "*shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*[.]" *Id.* at 269 (quoting 9 U.S.C. § 3) (emphasis in original).

According to the court, "the plain language of § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration," and § 3 instead "mandates that a stay be entered by the District Court." *Id.* at 270 (emphasis added). Such a stay serves two purposes: it "relieves the party entitled to arbitrate of the burden of continuing to litigate the issue while the arbitration process is on-going, and it entitles that party to proceed immediately to arbitration[.]" *Id.* Accordingly, section 3 of the FAA embodies the "policy decision" that once a claim is found subject to an arbitration agreement, "the judicial system's interference with the arbitral process should end unless and until there is a final award." *Id.* at 269.

Here, there is no dispute that all of the parties agreed to submit all claims to arbitration. Defendant United Towing Service, LLC correctly pointed out that this Court's inquiry is "limited . . . to ensure that the dispute is arbitrable—i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." (ECF 4 at p. 5); *see also Gay*, 511 F.3d at 386. The parties agree that all claims fall within the scope of an arbitration agreement. (ECF 4 at pp. 7–8; ECF 10 at p. 10). This ends the Court's inquiry.

Instead of going through the needless exercise of addressing the merits of claims that are subject to an arbitration agreement, Plaintiff explicitly requested a stay pending the arbitration, as is his right under *Lloyd* and § 3 of the FAA.  Given the parties' unequivocal agreement to arbitrate all of Plaintiff's claims, this Court erred in dismissing Counts IV and V of Plaintiff's Complaint, and should have stayed the case pending the arbitration decision.  Respectfully, the Court should not have decided important, selected merits issues and then stayed the case to refer only some of the claims to arbitration.  There was no basis to conclude (and no party asserted) that Counts IV and V alone were not subject to arbitration.  The Court must correct this manifest injustice.

In the alternative, if this Court believes the matter is not arbitrable, then Plaintiff respectfully seeks leave to withdraw his agreement to arbitrate and requests that the Court allow Plaintiff fourteen days to submit a brief addressing the merits of Counts IV and V so the court can properly address them on the merits.[1]  Such a briefing period is necessary to avoid prejudicing the rights of Plaintiff, who applied for a stay in reliance on controlling case law that he believed removed all discretion from the Court to decide the merits of United Towing's motion to dismiss once the parties agreed that all claims should go to arbitration. There is and was plainly no default or intent by Plaintiff to abandon these serious claims.  Since courts decry a forfeiture and prefer

---

[1] Briefing from Plaintiff will demonstrate that Defendant United Towing's argument that the *commercial code* somehow displaces a consumer's claim for a physical battery is utterly unsupported and unprecedented.  However, as set forth above, any such arguments should be heard in the first instance by the arbitrator, as the parties agree that all claims fall within the scope of the arbitration clause.

resolution on the merits whenever possible, an adjudication after merits briefing by all parties serves the interests of justice.[2]

DATED:  December 21, 2018

*/s/  Jody Thomas López-Jacobs*
JODY THOMAS LÓPEZ-JACOBS
Attorney for Plaintiffs

**FLITTER MILZ, P.C.**
450 N Narberth Ave
Suite 101
Narberth, PA 19072
(Phone) 610-668-0011
(Fax) 610-667-0552
(Email) jlopez-jacobs@consumerslaw.com

---

[2]  Defendant United Towing opposes this motion, and instead asserts that Plaintiff waived his right to have an arbitrator decide the merits of Counts IV and V, even though United Towing itself argued that such claims were within the scope of the arbitration agreement and should be arbitrated. (ECF 4 at pp. 7–8).

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification to all counsel of record.

Date: 12/21/18                            */s/ Jody T. López-Jacobs*
                                                     JODY T. LÓPEZ-JACOBS